JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 3109**

--------------------------------------------------X

KENDELL NEAT,

**COMPLAINT**

Plaintiff,

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

- against -

CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,

Defendants.

RECEIVED
MAY - 1 2014
U.S.D.C. S.D.N.Y.
CASHIERS

--------------------------------------------------X

Plaintiff, KENDELL NEAT, by his attorneys, NASS & ROPER LAW, LLP, complaining

of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff, KENDELL NEAT, seeks damages to

redress the deprivation, under color of state law, of rights secured to him under the

Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

On or about November 3, 2013, at approximately 3:00 a.m., at or near the location of

237 West 42nd Street in the County, City and State of New York, Plaintiff was falsely

arrested and assaulted by Defendants including, but not limited to, POLICE

OFFICER JOHN DOE(S) #'S 1-3. It is alleged that Defendants falsely arrested

Plaintiff, used excessive force in effectuating his arrest, illegally strip-searched him

and maliciously prosecuted claims against him in violation of his constitutional rights.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

1

brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff, KENDELL NEAT, at all times relevant hereto resided in New York County, specifically 12 West 132nd Street, in the City and State of New York.

4. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

7. On or about November 3, 2013, at approximately 3:00 a.m., Plaintiff, KENDELL NEAT ("NEAT"), left a nightclub, "BB King Blues Club," located at 237 West 42nd Street in the County, City and State of New York to receive a phone call from his pregnant girlfriend.

8.   Prior to taking the phone call, NEAT had paid money to the club in order to received
     "bottle service."

9.   After the call had ended, NEAT attempted to re-enter the club to finish the liquor he
     had paid for.

10.  At this point, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 were present at the
     entrance of the nightclub and told NEAT that he couldn't enter.

11.  NEAT attempted to explain to the officers that he had paid a significant amount of
     money for "bottle service" and wanted to get the money back if he wasn't going to be
     allowed to finish the liquor.

12.  Defendants pushed NEAT away from the entrance and told him to move on even
     though there were other people on line to enter the club.

13.  NEAT pleaded with the officers to let him back in but finally decided to give up and
     go home.

14.  As NEAT left the area of the club and began walking, Defendants ran behind him and
     struck him in the back of the head causing him to lose consciousness and suffer
     massive injuries to his mouth and face, and then proceeded to stomp on him and place
     him in a van.

15.  NEAT would awaken at Bellevue Hospital in handcuffs with a Defendant Police
     Officer next to him who claimed that he was not the arresting officer and did not
     know what happened.

16.  NEAT was taken from Bellevue Hospital and brought to Central Booking where he
     was held for approximately 24 hours before appearing at an arraignment.

3

17. NEAT pled not guilty to the criminal charges and was held on $1,500 bail and remanded to the Manhattan Detention Center where he would spend approximately six (6) more days before being released.

18. Defendants did not appear before the Grand Jury and NEAT was released.

19. NEAT would be forced to appear in court approximately four (4) more times before all charges were dismissed on or around March 6, 2013.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20. Paragraphs 1 through 19 of this complaint are hereby re-alleged and incorporated by reference herein.

21. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately 24 hours.

22. That in detaining Plaintiff for approximately 24 hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

4

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest him.

30. That Defendants intended to confine Plaintiff.

31. That Plaintiff was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

5

34. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. <u>THIRD CAUSE OF ACTION</u>
### Pursuant to §1983 (EXCESSIVE FORCE)

35. Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

38. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

39. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

40. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

41. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

42. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

43. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

44.   That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

45.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

48.   By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VIII. <u>FOURTH CAUSE OF ACTION</u>
### Pursuant to State Law (EXCESSIVE FORCE)

49.   Paragraphs 1 through 48 are hereby re-alleged and incorporated by reference herein.

50.   That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51.   That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52.   That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

53.   That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

54.   That Plaintiff was not actively resisting arrest or attempting to evade arrest.

55.   That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56.   That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

57.   By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

58.   Paragraphs 1 through 57 are hereby re-alleged and incorporated by reference herein.

59.   That Defendants intended to cause harmful bodily contact to Plaintiff.

60.   That Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

61.   That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

8

62. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

63. Paragraphs 1 through 62 are hereby re-alleged and incorporated by reference herein.

64. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime and he was held in custody for approximately six (6) days.

65. That the criminal matter against Plaintiff was terminated in his favor and the court dismissed the case by motion of the District Attorney in March of 2014.

66. That there was no probable cause for the arrest and criminal proceeding and Defendant Police Officers failed to even testify before the Grand Jury in this case even though they initially charged him with a felony.

67. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

68. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

9

69.   That upon information and belief it was the policy and /or custom of Defendant CITY

to inadequately hire, train, supervise, discipline and /or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional

violations on the part of their officers, staff, agents, and employees.

70.   That as a result of the above described policies and customs, Defendant CITY, its

staff, agents and employees of Defendant CITY believed that their actions would not

be properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

71.   That the above described policies and customs demonstrate a deliberate indifference

on the part of the policymakers of Defendant CITY to the constitutional rights of

arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

72.   That in so acting, Defendant CITY abused its power and authority as policymaker of

the NYPD under the color of State and/or local law.

73.   That by reason of the foregoing, Plaintiff suffered physical and psychological

injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic

damages including attorneys' fees, damage to reputation, shame, humiliation, and

indignity.  All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

74.   Paragraphs 1 through 73 are hereby re-alleged and incorporated by reference herein.

75.   That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal

proceeding despite the knowledge that Plaintiff had committed no crime.

76.   That the criminal matter has been dismissed in Plaintiff's favor.

77.   That there was no probable cause for the arrest and criminal proceeding.

78.    Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

79.    That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

80.    That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

81.    Paragraphs 1 through 80 are hereby re-alleged and incorporated by reference herein.

82.    That at all times, all Defendants were acting within the scope of their employment.

83.    That Defendant CITY was able to exercise control over Defendant Officers' activities.

84.    That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

85.    By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.


**INJURY AND DAMAGES**

11

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from November 5, 2013; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
April 21, 2014

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, KENDELL NEAT. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            April 21, 2014


                                      _____
                                      JUSTIN M. ROPER, ESQ.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENDELL NEAT,

                          Plaintiff,

  – against –

CITY OF NEW YORK, ET AL.

                          Defendants.

SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
KENDELL NEAT
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

_____

* Not for service of papers.

14